UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**SUNNY SWEET FARMS, INC.,**

　　Plaintiff,

v.                                    Case No: 8:23-cv-00304-MSS-AEP

**M.F. BURGIN, INC, d/b/a BURGIN FARMS, CALEB F. BURGIN and THOMAS H. BURGIN,**

　　Defendant(s).

_____

## ORDER

**THIS CAUSE** comes before the Court for consideration of the Defendants' Motion to Dismiss Amended Complaint, (Dkt. 13), and the Plaintiff's response in opposition thereto. (Dkt. 16) Upon consideration of all relevant filings, case law, and being otherwise fully advised, the Court **DENIES** Defendants' Motion to Dismiss.

**I.　　BACKGROUND**

　　This action arises from the sale of fresh peppers between March 31, 2022, and May 5, 2022. (Dkt. 7) Plaintiff Sunny Sweet Farms, Inc. ("Sunny Sweet") sues Defendants M.F. Burgin, Inc. ("Burgin Farms"), Caleb F. Burgin and Thomas H. Burgin in an Amended Complaint alleging violations of the Perishable Agricultural Commodities Act (hereinafter "PACA"), 7 U.S.C. §499e, seeking to recover $81,430.53 plus attorney's fees, costs, and interest. (Dkt. 7)

1

PACA was enacted in 1930 to regulate the shipping and handling of perishable agricultural goods (hereinafter "produce") and to protect growers of these goods from unfair practices of dealers who fraudulently reject shipments. 7 U.S.C § 499e(c)(1). In 1984, Congress amended the statute to further protect growers against agreements made by dealers who give lenders security interests in the proceeds from the sale of the goods by establishing a statutory trust for the benefit of an unpaid grower (hereinafter "PACA Trust"). See In re Atlanta Egg & Produce, Inc., 321 B.R. 746, 750 (N.D. Ga. 2005). The statute reads as follows:

> Perishable agricultural commodities received by a commission merchant, dealer, or broker in all transactions … shall be held by such commission merchant, dealer, or broker in trust for the benefit of all unpaid suppliers or sellers of such commodities or agents involved in the transaction, until full payment of the sums owing in connection with such transactions has been received by such unpaid suppliers, sellers, or agents.

7 U.S.C § 499e(c)(2). The PACA Trust prioritizes unpaid growers over banks and other creditors if the dealers become insolvent or file for bankruptcy. 2927764 Canada, Inc. v. Dew Drop Farms, L.L.C., No. 6:04-cv-1587, 2005 WL 1228654 (M.D. Fla. May 22, 2005).

Sunny Sweet is a "grower" as defined by 7 C.F.R § 46.2(p). (Dkt. 7 at ¶ 4) Burgin Farms is a "dealer" of produce and a "grower's agent." 7 C.F.R § 46.2(m) and 7 C.F.R § 46.2(q). (Id. at ¶ 7-8). Sunny Sweet alleges Burgin Farms failed to remit the net proceeds from the sale of produce between March 31, 2022, to May 5, 2022, minus a 10% commission of the gross sale of proceeds and $1.00 per carton for packing and cooling. (Id. at ¶ 10). Sunny Sweet delivered at least 38,169 cartons to Burgin Farms,

2

which Burgin Farms accepted, totaling $772,501.29. (Id. at ¶ 12 and 21). Sunny Sweet alleges it had been paid $573,317.10 and is owed at least $81,430.53. (Id. at ¶ 22).

Burgin Farms moves to dismiss the Amended Complaint because Sunny Sweet failed to preserve its rights under PACA and failed to properly plead the counts for conversion and fraudulent transfer. (Dkt. 13)

## II.   LEGAL STANDARD

To survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), a complaint must meet an exceedingly low threshold of sufficiency. Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A., et al., 711 F.2d 989, 995 (11th Cir. 1983). A plaintiff must plead only enough facts to state a claim to relief that is plausible on its face. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 560-64 (2007) (abrogating the "no set of facts" standard for evaluating a motion to dismiss established in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Although a complaint challenged by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff is still obligated to provide the "grounds" for his entitlement to relief, and "a formulaic recitation of the elements of a cause of action will not do." Berry v. Budget Rent a Car Sys., Inc., 497 F. Supp. 2d 1361, 1364 (S.D. Fla. 2007) (quoting Twombly, 550 U.S. at 545). In light of a motion to dismiss, to evaluate the sufficiency of a complaint a court must accept the well pleaded facts as true and construed in the light most favorable to the plaintiff. Quality Foods, 711 F.2d at 994-95. However, the court should not assume that the plaintiff

3

can prove facts that were not alleged. Id. Thus, dismissal is warranted if, assuming the truth of the factual allegations of the plaintiff's complaint, there is a dispositive legal issue that precludes relief. Neitzke v. Williams, 490 U.S. 319, 326 (1989).

### III.   DISCUSSION

Burgin Farms moves to dismiss Counts III through IX of Sunny Sweet's Amended Complaint for three reasons.[1] First, Burgin Farms argues Sunny Sweet failed to attach its notice to preserve PACA Trust benefits to the complaint, but it should nonetheless be considered by the Court. (Dkt. 13 at 4) Second, Burgin Farms argues the notice to preserve PACA Trust benefits was untimely. (Id. at 2) Third, Burgin Farms argues Sunny Sweet's state law claims for conversion and fraudulent transfer cannot be properly pleaded absent preservation of rights under PACA. (Id. at 10-11) Sunny Sweet counters that the time to provide notice of PACA Trust benefits was tolled due to Burgin Farm's failure to provide an accounting. (Dkt. 16 at 5) Sunny Sweet also argues Burgin Farms lacks standing to seek to dismiss the state law claims for conversion and fraudulent transfer. (Id. at 7)

### A. Sunny Sweet's Written Notice to Burgin Farms

Ordinarily, when evaluating a motion to dismiss, a court may not consider anything beyond the face of the complaint and any documents attached to it. Financial Sec. Assur. Inc. v. Stephens, Inc, 500 F.3d 1276, 1284 (11th Cir. 2007). When a court considers matters outside the pleadings on a motion to dismiss, it must be converted

---

[1] Burgin Farms does not move to dismiss Counts I and II of Sunny Sweet's Amended Complaint. As such, these will not be considered by this Court in this Order.

into a motion for summary judgment. Fed. R. Civ. P. 12(d). However, where a document attached to a defendant's motion to dismiss is (1) referenced by the plaintiff in the complaint, (2) central to plaintiff's claim, and (3) undisputed, the court may consider it without converting the motion to one for summary judgment. See Stephens, 500 F.3d at 1284; Horsley v. Fledt, 304 F.3d 1125, 1134 (11th Cir. 2002).

In considering whether a notice is central to a claim, courts look at whether it is a "necessary part of [the Plaintiff's] effort to make out a claim." Day v. Taylor, 400 F.3d 1272, 1276 (11th Cir. 2005). Here, Sunny Sweet's reference to the notice of intent to preserve trust benefits is a necessary part of its effort to make out a claim that it preserved its rights under PACA. Absent timely notice, the benefits of the PACA trust are lost. 7 U.S.C § 499e(c)(3). Of course, here, the authenticity of the document in question is not challenged. See Stephens, Inc., 500 F.3d at 1285 ("Accordingly, we will consider the policy appended to Stephens's motion to dismiss as part of the pleadings because it is referred to in the complaint, it is central to FSA's federal securities claim, its consideration comports with the requirements of notice pleading, and neither party challenges its authenticity."); contra Horsley, 304 F.3d at 1135 ("Because the authenticity of the transcripts attached to the amended answer is disputed, and because they are not complete transcripts of all of Ms. Feldt's statements in the broadcast, they may not be considered[.]"). In fact, Sunny Sweet attached the notice as an exhibit in its Opposition to the Motion to Dismiss. (Dkt. 16) As such, this Court will consider Sunny Sweet's October 21, 2022, written notice attached as an exhibit in Burgin Farm's Motion to Dismiss.

### B. Compliance with PACA Requirements

PACA requires that an unpaid grower ordinarily serve the PACA Trust notice within thirty (30) days of the payment due date. 7 C.F.R. §46.46(aa). The unpaid grower loses the benefits of the trust if no written notice of intent is provided.

> The unpaid supplier, seller, or ***agent shall lose the benefits of such trust unless such person has given written notice of intent to preserve the benefits of the trust*** to the commission merchant, dealer, or broker within thirty calendar days (i) after expiration of the time prescribed by which payment must be made, as set forth in regulations issued by the Secretary, (ii) after expiration of such other time by which payment must be made, as the parties have expressly agreed to in writing before entering into the transaction, or (iii) after the time the supplier, seller, or agent has received notice that the payment instrument promptly presented for payment has been dishonored.

7 U.S.C § 499e(c)(3) (emphasis added). However, PACA articulates several exceptions for when the traditional thirty (30) day payment due date does not apply. As an example, PACA explains that:

> "Whenever a grower's agent or shipper harvests, packs, or distributes entire crops or multiple lots therefrom for or on behalf of others, payment for the initial shipment shall be made within 30 days after receipt of the goods for sale or within 5 days after the date the agent receives payment for the goods, whichever comes first. ***Payment for subsequent shipments*** shall be made at ***10–day intervals from the date of the accounting*** for the initial shipment or ***within 5 days after the date the agent receives payment for the goods, whichever comes first, and final payment for the seasons*** shall be made to each principal ***within 30 days from the date the agent receives the last shipment for the season from that principal.***"

7 C.F.R. §46.2(aa)(9).

6

Here, the Parties concede a final accounting was required.[2] (Dkt. 13 at 6; Dkt. 16 at 5) The Amended Complaint alleges Defendant failed "to render detailed, accurate, and complete accountings." (Dkt. 7 at ¶ 30) The Amended Complaint further alleges Defendant failed to disclose records of rejected produce. (Id. at ¶ 28) Defendants' concession that an accounting was required and Defendants' failure to offer evidence establishing that it provided the required accounting, when measured against the allegations in Amended Complaint, have created a factual dispute that must be resolved at summary judgment. Accordingly, Plaintiff's PACA claims can proceed at this time.

### C. Sunny Sweet's Failure to Properly Plead Counts VII and IX

As a final matter, Burgin Farms argues Sunny Sweet failed to properly plead its state law claims for conversion and fraudulent transfer against defendants Caleb and Thomas Burgin. (Dkt. 13 at 2) Alternatively, Burgin Farms argues that both claims are premised on Sunny Sweet's being a PACA Trust beneficiary. (Dkt. 13 at 10-11) As such, Burgin Farms contends both claims should be dismissed because Sunny Sweet is not a PACA Trust beneficiary. Sunny Sweet counters that Burgin Farms lacks standing to dismiss the conversion and fraudulent transfer counts because those claims are against Caleb and Thomas Burgin, and not Burgin Farms. (Dkt. 16 at 7) Given the factual dispute concerning accounting, the Court finds Plaintiff's state law claims can

---

[2] Defendants argue the accounting was due by May 5, 2022. (Dkt. 13 at 6) Plaintiff argues the accounting was due by May 2, 2022. The Court need not decide which exact date is correct because the Parties concede an accounting was required.

proceed at this time. Plaintiff's standing argument fails because Defendants' motion purports to be on behalf of all defendants and there is no concrete indication otherwise. Thus, Defendants' Motion to Dismiss as directed against Counts VII and IX is also **DENIED**.

## IV.   CONCLUSION

1. Upon consideration of the foregoing, it is hereby **ORDERED** that Defendant's Motion to Dismiss the Amended Complaint (Dkt. 13) is **DENIED**.

2. Defendants are **DIRECTED** to answer the Amended Complaint within **twenty-one (21) days** of this Order.

**DONE** and **ORDERED** in Tampa, Florida, this 14th day of March 2024.

_____
TOM BARBER
UNITED STATES DISTRICT
JUDGE

**Copies furnished to:**
Counsel of Record
Any pro se party